

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

*KOH*

G. Michael Morgan, Jr.
Assistant United States Attorney
Michael.Morgan5@usdoj.gov

*Mailing Address*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT 301-344-0106*
*MAIN 301-344-4433*
*FAX 301-344-4516*

November 18, 2022

Richard A. Finci, Esq.
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
FINCI@houlonberman.com

```
_____FILED          _____ENTERED
_____LOGGED         _____RECEIVED

DATE: December 16, 2022
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY: SRS
```

Re:   United States v. Muhammad Luqman Rana,
      Criminal No. PX-19-587

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Muhammad Luqman Rana (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by November 28, 2022, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

1.   The Defendant agrees to plead guilty to Count One and Count Two of the Indictment, which charge the Defendant with, in Count One, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and, in Count Two, Extortion by Threat to Injure the Reputation of Another, in violation of 18 U.S.C. § 875(d). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

### Elements of the Offenses

2.   The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland:

   a.   <u>Count One (Production of Child Pornography)</u>: (1) the Defendant knowingly employed, used persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempted to do so; (2) the victim was a minor; and (3) and such visual depiction was actually

transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

        b.    <u>Count Two (Extortion by Threat to Injure the Reputation of Another)</u>: (1) the Defendant knowingly sent a message in interstate or foreign commerce containing a threat to damage the reputation of another, and (2) did so with the intent to extort from the other person any thing of value.

Penalties

3.    The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2251(a) | 15 years | 30 years | At least 5 years, no more than life | $250,000 | $100 and $5,000 pursuant to 18 U.S.C. § 3014 |
| 2 | 18 U.S.C. § 875(d) | N/A | 2 years | 1 year | $250,000 | $100 |

        a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

        b.    Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

        c.    Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

        d.    Special Assessments: The Court must order the Defendant to pay a special assessment pursuant to 18 U.S.C. § 3013 and may order additional special assessments for certain convictions pursuant to 18 U.S.C. § 3014.

        e.    Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

f.  Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

g.  Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

4.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If

3

the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

4

Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree, and stipulate to the Stipulation of Facts set forth in Attachment A, which this Office would prove beyond a reasonable doubt, and is incorporated by reference herein. The parties further stipulate and agree, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.2(c), that the Stipulation of Facts establishes the commission of additional offenses—namely, four additional counts of Production of Child Pornography, each in violation of 18 U.S.C. § 2251(a) ("the Stipulated Offenses")—and the plea agreement shall be treated as if the Defendant had been convicted of additional counts charging those offenses. The parties stipulate and agree to the following applicable sentencing guideline factors:

Count One (Production of Child Pornography)

a.      The base offense level is **32**, pursuant to U.S.S.G. § 2G2.1(a).

b.      A **2-level** increase applies, pursuant to U.S.S.G. § 2G2.1(b)(6), because for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

Count Two (Extortion by Threat to Injure the Reputation of Another)

c.      The base offense level is **9**, pursuant to U.S.S.G. § 2B3.3(a).

Stipulated Offenses (Production of Child Pornography - Victims 2, 4, and 5)

d.      The base offense level for the Stipulated Offenses that relate to Victim 2, Victim 4, and Victim 5, is **32**, pursuant to U.S.S.G. § 2G2.1(a).

e.      A **2-level** increase applies, pursuant to U.S.S.G. § 2G2.1(b)(6), because for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

f.      A **2-level** increase applies, pursuant to U.S.S.G. § 2G2.1(b)(1)(B), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

Stipulated Offenses (Production of Child Pornography) – Victim 3

a.      The base offense level is **32**, pursuant to U.S.S.G. § 2G2.1(a).

b.      A **2-level** increase applies, pursuant to U.S.S.G. § 2G2.1 (b)(6), because for the purpose of producing sexually explicit material or for the purpose of transmitting such

5

materiael live, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

Grouping

   c. Group One (Counts One and Two). Count One and Count Two group, pursuant to U.S.S.G. § 3D1.2(b) and (c), because the counts involve the same victim and same act or transaction, and because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. The offense level for Group One is **34**, pursuant to U.S.S.G. § 3D1.3, because it is the highest offense level for the individual counts in the group.

   d. Groups Two through Five (the Stipulated Offenses). Each of Stipulated Offenses, associated with victims Victim 2, Victim 3, Victim 4, and Victim 5, respectively, constitutes its own Group, pursuant to U.S.S.G. §§ 2D2.1(d)(1) and 3D1.2(d), because each offense involved a different victim. The offense level for each of Groups Two, Four, and Five is therefore **36**. The offense level for Group Three is therefore **34**.

   e. Pursuant to U.S.S.G. § 3D1.4, because each of Groups One, Three, Four, and Five are equally serious or from 1 to 4 levels less serious than Group Two, 5 levels are added to Group Two (with the highest offense level of 36), for a combined offense level of **41**.

   f. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

   g. The offense level is increased by **5** levels since the instant offense of conviction is a covered sex crime, neither §4B.1, nor subsection (a) of § 4B1.5 applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. The final offense level would be **43**.

   7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a

part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Prisoner Transfer

10. If the defendant is eligible and applies to transfer his sentence pursuant to the international prisoner transfer program, this Office agrees to take no position to the defendant's transfer application. Defendant acknowledges and understands that the transfer decision rests in the sole discretion of the Office of International Affairs (OIA) of the Criminal Division of the United States Department of Justice and that the position of this Office is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant also understands that the victims in this case have a right to present their position on the defendant's transfer request directly to OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the

7

Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any sentence that exceeds the total statutory maximum for the offenses of conviction; and

        ii. This Office reserves the right to appeal any sentence below the total statutory minimum for the offenses of conviction.

        c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

12. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

13. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in any money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities.

14. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

15. The Defendant agrees to assist fully in the forfeiture of the property described above. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil

or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Restitution

17. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses. The Defendant agrees to the entry of a restitution order, in an amount to be determined by the Court, for each victim identified in the Stipulation of Facts, including Victim 1, Victim 2, Victim 3, Victim 4, and Victim 5. The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

18. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

## Sex Offender Registration and Additional Special Assessments

19. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

20. Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act "JVTA"), because the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must also pay an additional special assessment of $5,000, unless the Defendant is indigent.

### Defendant's Conduct Prior to Sentencing and Breach

21.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

23.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

24.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

G. Michael Morgan, Jr.
Assistant United States Attorney
Jennifer Toritto Leonardo
Senior Trial Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12/16/2022
Date

Muhammad Luqman Rana

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____
Date

Richard Finci, Esq.